73 F.3d 363
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Anthony C. WALKER, Plaintiff-Appellant,
v.
SOCIAL HEALTH ASSOCIATION OF GREATER CINCINNATI, INC.,
Defendant-Appellee.
 No. 94-3801.
 United States Court of Appeals, Sixth Circuit.
 Dec. 21, 1995.
 
 Before: MARTIN and BATCHELDER, Circuit Judges, and EDMUNDS,* District Judge.
 PER CURIAM.
 
 
 1
 Anthony C. Walker filed a race discrimination and hostile environment sexual harassment suit under Title VII of the Civil Rights Act of 1964 in federal court after the Ohio Civil Rights Commission dismissed his complaint on the ground that he could not prove his charges against his former employer, Social Health Association of Greater Cincinnati, Inc. Walker was permitted to proceed with his case in forma pauperis and is representing himself pro se. On October 15, 1993, Social Health filed a motion for summary judgment, to which Walker filed a response. On June 20, 1994, the district court granted summary judgment to Social Health. Because we agree with the district court that Walker's allegations, even if true, do not support the elements of his race discrimination and hostile environment sexual harassment claims, we AFFIRM the judgment of the district court.
 
 
 2
 Walker, an African-American, was employed as a public health educator on the subject of sexually transmitted diseases from September 1986, until his discharge on January 15, 1988. He was discharged after Social Health had received a number of complaints about his presentations to students. Walker worked in a small office consisting of four employees. They were Leslie Reilly, his immediate supervisor, two other white women, and Walker. Walker asserted in his complaint and stated in his deposition that Reilly made several comments or took various actions towards him that would support his claim. The district court found that some of the allegedly offensive statements, including a call from Reilly on a snowy evening asking him if he had made it home safely, were not sexual in nature. The district court concluded that Walker's allegations failed to establish the existence of a genuine issue as to any fact material to his claim of sexual harassment. The district court also found that the record evidence that Walker was not satisfactorily performing his job was sufficient to preclude Walker from making his prima facie case of race discrimination.
 
 
 3
 Our review of a grant of summary judgment is de novo. We draw all reasonable inferences from Walker's allegations in a light most favorable to him. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). As the nonmoving party, Walker was required to oppose the motion for summary judgment by presenting evidence sufficient to establish the existence of each element of his claims on which he will bear the burden of proof at trial. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 4
 Under 42 U.S.C. Sec. 2000e-2(a)(1), an employer is prohibited from discriminating against an individual in the terms and conditions of employment on the basis of race, color, religion, sex, or national origin. Regarding his sexual harassment claim, the Supreme Court has interpreted this statute as permitting a plaintiff to establish a violation of Title VII by proving the sexual discrimination created a hostile or abusive work environment. Meritor Savings Bank, FSB v. Vinson, 477 U.S. 57, 66 (1986). After Meritor Savings Bank, the Supreme Court more clearly defined the legal test for determining whether an employee has been subjected to a discriminatory "abusive work environment" or "hostile work environment." Harris v. Forklift Systems, Inc. 114 S.Ct. 367 (1993). Under Harris, Walker need not show that he suffered psychological injury from his employer's actions. Id. at 370-71. However, Walker's burden at trial would be to prove that the comments and actions he complains of were more than merely offensive, but rather were "severe or pervasive enough to create an objectively hostile or abusive work environment--an environment that a reasonable person would find hostile or abusive." Id. at 370. Conduct that is not sufficiently severe or pervasive to create an objectively hostile environment, or that is not perceived subjectively by the victim as abusive, is not within the reach of Title VII. Id. Whether the conduct is actionable may be determined only by looking at all of the circumstances underlying the Title VII claim, including:
 
 
 5
 the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.
 
 
 6
 Id. at 371.
 
 
 7
 Taking his facts as true and drawing all inferences in his favor, we agree with the district court that Walker has not presented evidence of conduct by his employer which, as a matter of law, is more than merely offensive. Reilly's offensive and unprofessional conduct did not create a legally discriminatory hostile work environment. Walker does not allege that he was touched in an offensive manner nor requested to or made to perform sexual acts. While he alleges a number of degrading comments, most of Reilly's statements were vulgar comments that would not be understood by a reasonable person as sexual harassment. Over the course of the one or two years Walker was subjected to three inappropriate sexual comments, none of which involved solicitation for sexual contact. These few comments did not legally alter the terms of Walker's employment as required for a Title VII claim.
 
 
 8
 Finally, regarding his race discrimination claim, Walker points to no direct evidence whatsoever in the record that would support such a claim. The district court did not err in granting summary judgment to Social Health on this claim because Walker failed to allege and support facts to establish that his employer discriminated against him as to the terms and conditions of his employment on the basis of race.
 
 
 9
 Judgment AFFIRMED.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation